UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:14-cr-406-T-60-TGW

CARLTON HAMMONDS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO REDUCE
SENTENCE PERSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)"**

    This matter is before the Court on Defendant Carlton Hammonds' "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)", filed on July 22, 2020. (Doc. 101). After reviewing the motion, case file, and the record, the Court finds as follows:

    On January 22, 2015, Defendant pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and 841(b)(1)(B). (Doc. 27). On June 11, 2015, Defendant was sentenced to 120 months imprisonment, followed by 96 months supervised release. Defendant is currently incarcerated at FCI Petersburg in Virginia and is projected to be released on May 20, 2023. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on September 15, 2020).

    Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

    In his motion, Defendant requests that the Court grant a reduction of his sentence to time served – which would result in his release from federal prison – due to current pressures "confronting the federal prison system as a result of the COVID-19 pandemic and

the fact that Mr. Hammonds has medical issues that make him vulnerable to potentially fatal complications from COVID-19." (Doc. 101).  Specifically, Defendant, a 47-year old man, claims the medical issues from which he suffers– notably hypertension, hyperlipidemia (high cholesterol), and obesity, taken together with the threat of COVID-19 – constitute "extraordinary and compelling reasons" warranting what is often referred to as compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).  To warrant sentence reductions under the statute the Defendant cites, the Court must find that, after examining all applicable factors set out in section 3553(a), that Defendant presents "extraordinary and compelling reasons" justifying the reduction.  18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Heromin*, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("[Defendant] bears the burden of establishing that compassionate release is warranted.").

After reviewing the applicable law and facts presented here, the Court finds that, while the Defendant has exhausted all required administrative remedies, such extraordinary and compelling reasons do not exist in this case.  The Sentencing Commission has set specific examples of "extraordinary and compelling reasons" qualifying for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children.  U.S.S.G.

§ 1B1.13, comment. (n.1).  Defendant has presented no evidence indicating the conditions he suffers from lead to terminal illness, and his medical records indicate that he has been, and will continue to be, able to manage these conditions while imprisoned.

While law in this area is evolving as courts, BOP, and lawmakers continue to respond to coronavirus, courts have found that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).  Furthermore, courts in this district have consistently found that the conditions from which Defendant suffers do not, on their own, constitute "extraordinary and compelling reasons" warranting compassionate release, even during this pandemic.  *See United States v. Thomas*, No. 8:10-cr-423-T-33AAS, 2020 WL 5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to Thomas's numerous underlying health conditions, including diabetes, high-blood pressure, and cardiovascular problems… he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility"); *United States v. D'Angelo Battis*, No. 8:15-cr-429-T-02AAS, 2020 WL 5094844, at *1 (M.D. Fla. Aug. 28, 2020) ("Both hypertension and obesity, if treatable or controlled, have been found insufficient to justify compassionate release because neither is an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13"); *United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (holding hypertension treated by medication is "hardly an extraordinary condition" warranting release based on the virus, COVID-19); *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (holding obesity and hypertension

"alone or in combination with Covid-19" are not extraordinary).

The Court has been informed that the Department of Justice, in conjunction with the Centers for Disease Control, has recently issued guidance stating that an inmate who is confirmed by medical records to be obese by presenting a Body Mass Index (BMI) of 30 or greater, and not expecting to recover from this condition, "presents an extraordinary and compelling reason allowing compassionate release under the statute." (Doc. 107). Defendant's medical records reveal that on May 19, 2020, he indeed registered a BMI of 32, two points over the threshold established by the new guidelines. Nevertheless, the Court believes a reduction in Defendant's sentence is inappropriate in this case. Defendant has expressed an intention to continue to diet and exercise, which may very well lead him to recover from this condition given that he needs to lose approximately 13 pounds to do so based on the medical information he provided. Furthermore, even if Defendant were to not recover from this condition, his criminal history leads this court to believe there is a risk of recidivism should Defendant be released before his sentence is complete, constituting a "danger to the safety" of persons in the community, and thereby ineligible for compassionate release. U.S.S.G. § 1B1.13(2).

Consequently, Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 15th day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**